F. P. BENNINGFIELD v. MARTHA CHRISTIE et al.

**Land — Older Title — Interference — Rescission.**
>    The interference by an older title to about five acres is not so essential as to justify a rescission.

**Same — Eviction — Adverse Occupancy.**
>    As there has been neither eviction nor adverse occupancy the appellant should accept a conveyance with general warranty.

**Same.**
>    Where the sale is by the acre the grantee is entitled to a credit for the deficit.

APPEAL FROM TAYLOR CIRCUIT COURT.

October 5, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The interference by an older title to the extent of about five acres and the deficit of about the same quantity do not appear to be so essential as to justify a recession of the contract. And, as there has been neither eviction nor adverse occupancy during so long a lapse of time, the appellant should not refuse, on account of the apparent conflict of title, to accept a conveyance with general warranty, or expect compensation until eviction.

But, as the sale was by the acre, the appellant is entitled to a credit for the value of the deficit in the quantity sold, small as it may appear. And, on the facts exhibited, that value is the price given per acre.

In not allowing credit to that amount, it seems to this court that the Circuit Court erred.

Wherefore, the judgment is reversed and the cause remanded for a judgment conformable with this opinion.